### Ex parte RUPERT.

### No. 445.

District Court, N. D. Texas, Dallas Division.

April 14, 1941.

Lovelle C. Rupert, in pro. per.

John A. Erhard and Clyde Hood, Asst. U. S. Attys., both of Dallas, Tex., for respondent.

ATWELL, District Judge.

Lovelle C. Rupert filed an application for a writ of habeas corpus on April 4th, 1941, alleging that he had been sentenced by the United States District Court at Seattle, Washington, and later by the United States District Court for the northern district of California, and that the sentences disregarded the provision of the law that there should be a concurrent, or, consecutive expression, and that he was being illegally held on an expired sentence.

When the case was called, the United States attorney representing the respondent, announced ready, and the applicant announced ready, and when asked by the court if he wished a lawyer, said no, and thereupon testimony was taken, and after taking the testimony argument was had by both sides.

The court finds that the applicant was sentenced on November 18th, 1935, to three years and six months, by the District Court for Seattle, Washington. That sentence was for an alleged postal violation, and was to be served at Leavenworth.

After that service had begun, and at the appropriate legal time, having had the benefit of good behavior, the applicant was paroled, and while on parole he committed another offense in California, to which he entered a plea of guilty for alleged violation of the narcotic statute, and upon that violation he was sentenced to three years in prison at Fort Leavenworth. Later, on March 27th, 1940, he was transferred to the narcotic institution for this district, at Fort Worth.

He now contends that since he was on parole from the first institution, that he was under supervision, and being under supervision, his sentence was running, and that being true, he could not be picked up and made to serve a sentence which showed to have really expired.

■ The law seems to be against his contention. When one is liberated on parole during the parole privilege time, and then commits another offense while he is on parole, he may be required by the Parole Board, which is limited by the statute, to serve that

portion of the sentence which he did not serve and from which he was paroled. The part unserved at the time of parole still stands against him. A parole is not a forgiving. A parole is liberty under supervision, and one being at liberty and committing another offense is punishable for the other offense, as well as by the forfeiture of his parole, and may be required to serve that portion of the sentence which he had not served, and which was unexpired at the time of parole. The doctrine pleaded for by the applicant was approved in Zerbst v. Kidwell, 5 Cir., 92 F.2d 756, but that case was reversed in 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. See Act approved June 29, 1940 to same effect, 18 U.S.C.A. § 723c.

The applicant will be remanded to the custody of the Narcotic Farm officer.